Patrick M. Flatley
United States Bankruptcy Judge
**Dated: Monday, March 22, 2010 4:02:41 PM**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| TERRY BRUCE BLARE, and SHEILA MARLENE BLARE | ) ) | Case No. 08-1043 |
| | ) | |
| Debtors. | ) | Chapter 7 |
| _____ | ) | |
| | ) | |
| JANET GOODMAN, and STEWART ("STU") GOODMAN, | ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. 09-33 |
| | ) | |
| TERRY BRUCE BLARE | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| | ) | |
| UNITED BANK, INC., and RICHARD K. HAWVER | ) ) | |
| | ) | |
| Intervenor-Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JANET GOODMAN, STEWART GOODMAN, and TERRY BRUCE BLARE, | ) ) ) | |
| | ) | |
| Defendants in Intervention | ) ) | |
| _____ | ) | |

1

## MEMORANDUM OPINION

Pending before the court are three motions.  First, United Bank, Inc., seeks to have this court reconsider entry of its order granting stay relief to Janet and Stu Goodman to pursue Terry Bruce Blare (the "Debtor") and his insurance carrier in state court for alleged wrongs suffered during the Debtor's construction of their residential home.  Second, the Goodmans request that the court dismiss all allegations against them in United Bank's Complaint in Intervention in this case on the grounds that the court lacks subject matter jurisdiction to adjudicate a dispute between non-debtor parties.  Third, to the extent that the court does have jurisdiction over United Bank's allegations against them, the Goodmans oppose entry of default on United Bank's Complaint in Intervention based on the Goodmans' failure to timely answer.

For the reasons stated herein, the court will deny the motion to reconsider its order granting the Goodmans relief from the automatic stay, grant the motion of the Goodmans to dismiss United Bank's claims against them, and deny, as moot, the Goodman's opposition to United Bank's request for entry of default.

## I. BACKGROUND

On March 19, 2009, Janet and Stu Goodman, *pro se*, filed a letter with the court objecting to the discharge of the debt owed to them by the Debtor arising out of the construction of their residence.  According to the Goodmans, the Debtor fraudulently withdrew monies from their construction account.  The Debtor filed an answer denying all allegations.[1]

Meanwhile, United Bank filed a Motion to Intervene as a party plaintiff against both the Goodmans and the Debtor.  United Bank sought to intervene because it loaned the Goodmans the money to construct the residence being built by the Debtor, and it had disbursed payments to the Debtor pursuant to his requests for withdrawal.  Although this adversary proceeding was originally filed to except any debt that the Debtor might owe the Goodmans from his bankruptcy discharge, the Goodmans had also sued the Debtor and United Bank in state court to obtain a money judgment.

United Bank's motion to intervene was not timely opposed, and was therefore granted by the

---

[1] Shortly after filing his answer, the Debtor's counsel requested permission to withdraw from representation.  The court granted that request and the Debtor has not further participated in this adversary proceeding.

2

court.  On September 2, 2009, United Bank filed its Intervenor's Complaint seeking a declaration from this court that its conduct with regard to the Goodmans' construction loan was proper. Additionally, United Bank sought a determination that any debt that the Debtor might owe to United Bank was also excepted from his discharge.

The Goodmans failed to timely answer United Bank's Complaint in Intervention.  Instead, on September 10, 2009, they requested that their adversary proceeding against the Debtor be dismissed in favor of pursuing their civil action against the Debtor and United Bank in state court. Because the Goodmans were proceeding *pro se*, the court did not immediately grant the motion to dismiss their adversary complaint.  Instead, the court set a hearing on the motion to ensure dismissal was what the Goodmans desired.

On October 9, 2009, United Bank filed an application for entry of default against both the Debtor and the Goodmans for failing to answer its Complaint in Intervention.  The Goodmans responded on October 14, 2009, that no entry of default was appropriate considering that they had dismissed their adversary complaint against the Debtor.

By the November 20, 2009 hearing on the Goodmans' request to dismiss this adversary proceeding, they had obtained bankruptcy counsel.  Through counsel, the Goodmans stated that they desired to pursue the Debtor's insurance carrier in state court, and would be filing a motion to lift the automatic stay to allow that action to move forward against the Debtor and his insurer. Consistent with that assertion, the Goodmans filed their motion for relief from the automatic stay, and the motion was granted without objection on December 11, 2009.  Four days later, however, United Bank filed an objection to stay relief on the grounds that cause did not exist to lift the stay considering United Bank's view that no insurance existed that would cover the Goodmans' alleged losses.   Because the objection was untimely filed, United Bank filed a motion to reconsider entry of the court's order granting stay relief.

On January 4, 2010, the court granted the Goodmans' request to dismiss their adversary proceedings to except their debt from the Debtor's Chapter 7 discharge.

## II. DISCUSSION

Before the Debtor filed bankruptcy, the Goodmans sought to vindicate their rights against the Debtor and United Bank in state court for their alleged roles in failing to construct the Goodmans' residence.  Upon the filing of the Debtor's Chapter 7 bankruptcy petition, the automatic

stay prevented the state court lawsuit from proceeding against the Debtor. Worried that the Debtor's bankruptcy would adversely affect their ability to recover any potential judgment against him, the Goodmans objected to their claims against the Debtor being discharged. A necessary determination to both the state court action, and the Goodmans' bankruptcy adversary proceeding, is that the underlying debt from the Debtor to the Goodmans actually exist. In this regard, both the bankruptcy court and the state court are tasked with making parallel determinations. Understandably, United Bank, also a defendant in the state court action, wished to intervene in the Goodmans' adversary proceeding to ensure that it protected its rights and defenses against the Goodmans, and, to the extent that the Debtor may owe it a debt arising out of the same transaction, to likewise except that debt from the Debtor's anticipated Chapter 7 discharge.

**A.    Motion to Reconsider Stay Relief**

In an effort to allow the litigation of the merits of the Goodmans' lawsuit against the Debtor, his insurer, and United Bank to fully move forward, the Goodmans filed a motion for relief from the automatic stay seeking permission to pursue their claims against the Debtor in state court and recover any judgment against him only to the extent that their claims are covered by a policy of insurance. The court granted the Goodmans' stay relief motion.

United Bank seeks to have the court reconsider its order on the basis that, in its view, no insurance coverage exists to cover the Goodmans' claims.

Here, the Debtor's bankruptcy petition is one filed under Chapter 7. There is no danger of interfering with an on-going business or reorganization of the Debtor by lifting the stay and diverting the Debtor's attention from reorganization to time-consuming litigation. The Goodmans no longer wish to pursue their exception to discharge cause of action against the Debtor, and, therefore, any debt owed by the Debtor to the Goodmans is subject to being discharged. The automatic stay having been lifted only to the extent of the Debtor's insurance coverage, the state court litigation will have no conceivable impact on the Debtor's estate, and, therefore, there is no reason to entertain litigation in this forum. While the court recognizes that a legitimate dispute may exist over whether the Debtor has insurance coverage that will cover the Goodmans' alleged losses, that determination can be made by the state court where the Goodmans' cause of action against the Debtor and his insurer is to be litigated. The Debtor's insurer is not a party to this adversary proceeding.

4

Accordingly, the court finds no basis to grant United Bank's motion to reconsider the court's order granting the Goodmans stay relief to pursue their claims against the Debtor, to the extent of any insurance coverage, in state court.

**B.    Motion to Dismiss Intervenor's Complaint Against the Goodmans**

The Goodmans request that this court dismiss the allegations in United Bank's Complaint in Intervention that are alleged against them on the grounds that they no longer wish to pursue their exception to discharge claim against the Debtor, they are non-debtor parties, and this court has no subject matter jurisdiction over a dispute between the Goodmans and United Bank.

According to the Intervenor's Complaint filed by United Bank, the Goodmans executed a contract with the Debtor to construct a home. To finance the construction, the Goodmans applied to United Bank for a construction loan, and received one in the amount of $225,000. Mr. Goodman acted as the construction manager for himself and his spouse.  At the request of Mr. Goodman, United Bank authorized about 16 different withdrawals from the Goodmans' construction account to pay the Debtor. The Goodmans claim that the Debtor defrauded them into transferring money from the construction account.

On April 21, 2009, the Goodmans sued United Bank and Mr. Hawver, the construction loan officer, in state court seeking damages on a variety of theories, including: failure to report accurate information to credit reporting agencies, refusing to correct the Goodmans' credit reports, blackmailing, failing to police disbursements from the construction account, violating a code of ethics, soliciting a false and fraudulent financial statement, predatory lending, negligence, liable, defamation, conspiracy to defraud, and charging excessive loan fees. In its Intervenor's Complaint, United Bank seeks a determination that its conduct in the case with respect to the Goodmans was proper. United Bank also seeks indemnification rights against the Debtor and a determination that any debt owed by the Debtor to United Bank is also excepted from discharge:

> The liability, *vel non*, of Blare to the Goodmans, and thus the derivative liability of Blare to the Intervening Plaintiffs, and each of them, is non-dischargeable under 11 U.S.C. § 523(a)(2)(A), because of the reasons cited by the Goodmans in their initial pleading in this Adversary Proceeding and because it is a claim for money, property, services, or an extension, renewal, or refinancing of credit, obtained by false pretenses, a false representation, or actual fraud.

Wherefore, premises considered, the Intervening Plaintiffs respectfully pray that this

5

Honorable Court grant them, and each of them, a declaration of rights . . . that they do no[t] owe the Goodmans the duties she alleged . . . and a determination that Blare owes a derivative duty of indemnification or, if and only if appropriate, contribution . . . to the Intervening Plaintiffs that is non-dischargeable in Blare's bankruptcy . . . .

(Intervenor's Complaint ¶ XV).

Accordingly, United Bank both seeks a declaration that it is not liable for its actions to the Goodmans based on the allegations the Goodmans asserted against it in the underlying state court proceeding, and that any debt that may be owed to United Bank by the Debtor would survive his Chapter 7 discharge. United Bank's action under section 523(a) of the Bankruptcy Code to except any debt that the Debtor may owe to it from his discharge is within the subject matter jurisdiction of the Bankruptcy Code and is a core matter. 28 U.S.C. §§ 157(b)(2)(I); 1334(b).

Regarding United Bank's declaratory relief against the Goodmans, however, the court does not similarly have subject matter jurisdiction to adjudicate those rights. The district courts have original and exclusive jurisdiction of all cases under title 11 and original, but non-exclusive jurisdiction of all civil proceedings arising under, arising in, or related to a case under title 11. 28 U.S.C. § 1334. The district courts may refer § 1334's jurisdictional grant to the bankruptcy courts, 28 U.S.C. § 157(a), and the District Court for the Northern District of West Virginia has done so pursuant to a General Order.

Controversies arise in title 11 when they "have no existence outside of the bankruptcy." *United States Trustee v. Gryphon at the Stone Mansion, Inc.*, 166 F.3d 552, 555 (3d Cir. 1999). Claims arise under title 11 if the claims "clearly invoke substantive rights created by bankruptcy law." *Glinka v. Federal Plastics Mfg., Ltd. (In re Housecraft Indus. USA, Inc.)*, 310 F.3d 64, 70 (2d Cir. 2002). A proceeding is related to a bankruptcy case when *"the outcome of that proceeding could conceivably have any effect on the estate*. . . . [and] could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively). . . ." *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984) (emphasis in original). *See also Celotex Corp. v. Edwards*, 514 U.S. 300, 308 n.6 (1995) ("[W]hatever ['related to'] test is used, these cases make clear that bankruptcy courts have no jurisdiction over proceedings that have no effect on the estate of the debtor."); *New Horizon of N.Y. LLC v. Jacobs*, 231 F.3d 143, 151 (4th Cir. 2000) ("This court has adopted the *Pacor* related to test . . . .").

6

Here, United Bank seeks a declaration that its actions with respect to the Goodmans were proper. The requested relief does not "arise in" title 11 because United Bank's claim exists outside of the Debtor's bankruptcy proceeding. The requested relief does not "arise under" the Bankruptcy Code because the rights sought to be adjudicated by United Bank against the Goodmans exist independently of the Debtor's bankruptcy filing. Finally, United Bank's claims against the Goodmans are not "related to" the Debtor's bankruptcy case because win, lose, or draw, the Debtor's bankruptcy estate is wholly unaffected by the resolution of the claim. Finally, although United Bank's claims against the Goodmans arise out of the same transaction or occurrence that gave rise to the Goodmans', and United Bank's, claims against the Debtor, this court does not believe that it has the jurisdiction to adjudicate supplemental claims. *E.g.*, *Johnston v. Valley Credit Servs. (In re Johnston)*, No. 06-180, 2007 Bankr. LEXIS 1174 at *19-32 (Bankr. N.D.W. Va. April 12, 2007) (concluding that bankruptcy court jurisdiction is based on 28 U.S.C. § 1334 and the supplemental jurisdiction of the district court in 28 U.S.C. § 1367 was never conferred on the bankruptcy court).

Consequently, the court will dismiss United Bank's allegations against the Goodmans in its Intervenor's Complaint because the court does not have subject matter jurisdiction to adjudicate United Bank's claims.

**C.     Response to Request for Entry of Default**

Given the court's conclusion that it does not have subject matter jurisdiction over United Bank's Complaint in Intervention against the Goodmans, United Bank's request for entry of default against the Goodmans will be denied. The court will instruct the Clerk to enter default against the Debtor, who has failed to answer United Bank's complaint.

### III. CONCLUSION

The court will enter a separate order pursuant to Fed. R. Bankr. P. 7058 that denies United Bank's motion to reconsider the court's entry of an order granting the Goodmans stay relief and that dismisses the allegations in United Bank's Complaint in Intervention that seeks a declaratory judgment against the Goodmans.

8